IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Civil Case No. 25-mc-00013 (MAJ-GLS) |
| ) | |
| YAIRANISSE RIVERA-LOPEZ, ) | |
| ) | |
|     Respondent. ) | |

## AMENDED RESPONSE TO PETITION

Respondent, Yairanisse Rivera-Lopez, respectfully submits this response to the Petition to Enforce Internal Revenue Service Summons.

In response to the Petition, Respondent states:

1. Admits.

2. Denies for lack of sufficient knowledge or information.

3. Admits.

4. Upon information and belief, admits.

5. Denies for lack of sufficient knowledge or information.

6. As to the first sentence, denies for lack of sufficient knowledge or information. As to the second sentence, admits that she received a copy of a summons on or about June 13, 2024.

7. Admits that she appeared on July 11, 2024. For her response to allegations about her statements during the interview, Respondent states that during the summons interview she answered approximately 19 questions, specifically asserted her Fifth Amendment rights

as to approximately 67 questions, specifically asserted her Fifth Amendment rights and concerns about compliance with a Non-Disclosure Agreement as to two questions, and declined to answer one question on separate grounds. Respondent denies all allegations of this paragraph except as specifically admitted herein.

8. Paragraph 8 states conclusions of law to which a response is not required. To the extent a response is required, Respondent denies that the cases cited in this paragraph support Petitioner's position in this matter. Respondent specifically denies that she made a blanket Fifth Amendment objection to the summons herein and states that the allegations of Paragraph 7 on their face refute that allegation. On the contrary, Respondent appeared and claimed the privilege on a question-by-question basis.

9. Paragraph 9 states conclusions of law to which a response is not required. Further answering, Respondent specifically denies the allegations set forth in the second sentence of paragraph 9. Further answering, Respondent states that there is a reasonable possibility that her answers to the questions could expose her to prosecution, because (a) it is not uncommon for the IRS examination division to refer a promoter investigation for criminal investigation; (b) the IRS has publicly identified Puerto Rico Act 20 and 22 (now Act 60) as a priority for civil and criminal enforcement; (c) the Petition itself uses the terms "false," "fraudulent" and "abusive tax shelter" (Petition at ¶ 4), and (d) Respondent was employed by entities which Petitioner has alleged may have participated in fraudulent or false transactions.

10. Paragraph 10 states conclusions of law to which a response is not required. To the extent a response is required, Respondent states that the case cited in this paragraph does not support Petitioner's position in this matter and does not apply to the facts of this case.

Respondent specifically denies that the case cited in this paragraph articulates the applicable legal standard in the First Circuit. Respondent specifically denies the last sentence of this paragraph and states there is a reasonable possibility that her answers to the questions could expose her to prosecution, because (a) it is not uncommon for the IRS examination division to refer a promoter investigation for criminal investigation; (b) the IRS has publicly identified Puerto Rico Act 20 and 22 (now Act 60) as a priority for civil and criminal enforcement; (c) the Petition itself uses the terms "false," "fraudulent" and "abusive tax shelter" (Petition at ¶ 4), and (d) Respondent was employed by entities which Petitioner has alleged may have participated in fraudulent or false transactions.

11. Paragraph 11 states conclusions of law to which a response is not required. To the extent a response is required, Respondent incorporates by reference herein her response to paragraph 10, above, except to recognize that the *Allee* case (along with all subsequent First Circuit caselaw) is applicable to this matter. Further answering, Respondent denies that she asserted a "blanket claim of self-incrimination."

12. Denies the allegation that "answers to the questions" were not provided. Denies the allegation of the second sentence of this paragraph for lack of sufficient knowledge or information.

13. Denies for lack of sufficient knowledge or information.

14. Denies for lack of sufficient knowledge or information.

## DEFENSES

15. The summons improperly seeks to compel Respondent to give testimony in violation of her Fifth Amendment privilege against self-incrimination. Respondent appeared for the

summons interview and properly asserted her Fifth Amendment privilege against self-incrimination with respect to specific questions posed by Revenue Agent Lane. *See United States v. Allee*, 888 F.2d 208, 212-13 (1st Cir. 1989) (recipient of a summons properly must appear before the IRS agent and claim the privilege on a question-by-question and document-by-document basis).

16. The Petition in this case fails to identify the specific questions as to which Petitioner believes Respondent improperly refused to answer and as to which Petitioner would like the Court to order Respondent to answer. Accordingly, the Petition fails to allege facts upon which this Court can grant relief and must be dismissed. On March 4, 2025, Petitioner filed herein a Supplemental Declaration of IRS Revenue Agent Jean A. Lane (Doc. 20). The Declaration stated that it had attached thereto "the IRS Memorandum of Interview containing questions posed by the IRS and the answers made by Respondent," and the Declaration was in fact accompanied by a Memorandum of Interview (Doc. 20-1) listing certain questions. However, nothing contained within the Petition itself – including the Petition's prayer for relief – identifies the questions that Petitioner is asking the Court to order Respondent to answer, leaving Respondent and the Court to speculate as to the questions as to which Petitioner seeks relief herein.

17. Enforcement of the summons would be an abuse of this Court's process.

18. Petitioner has available to it an alternative procedure for obtaining the testimony it desires without violating Respondent's Fifth Amendment rights, and Respondent has, through her counsel, offered to cooperate with Petitioner in utilizing this procedure. Specifically, Petitioner may obtain an immunity order pursuant to 18 U.S.C. § 6004. The

IRS, however, has informed Respondent of its refusal to attempt to avail itself of that alternative.

19. This Court should award Respondent, pursuant to 26 U.S.C. § 7430, a judgment for reasonable litigation costs incurred herein because Petitioner's position herein is not substantially justified.

20. Respondent submits as Exhibit A hereto and incorporates herein by reference the Declaration of Michelle Schwerin, dated February 17, 2025.

WHEREFORE, Respondent respectfully requests that that the Court dismiss the Petition and deny Petitioner's request for relief because Respondent has already satisfied her obligations under the Summons, Petitioner has failed to specifically identify the questions for which the IRS seeks responses, and Respondent has properly asserted her Fifth Amendment rights under the United States Constitution; that the Court deny Petitioner's request for an award of costs incurred in maintaining this action; that the Court award to Respondent a judgment pursuant to 26 U.S.C. § 7430 for her litigation costs incurred herein; and grant such other relief as is it deems just and proper.

ALTERNATIVELY, Respondent requests that this Court, if it deems it necessary after the presentation of written evidence and argument as to the Fifth Amendment Privilege, provide Respondent with an ex parte, in camera hearing on these issues; that the Court deny Petitioner's request for an award of costs incurred in maintaining this action; that the Court award to Respondent a judgment pursuant to 26 U.S.C. § 7430 for her litigation costs incurred herein; and grant such other relief as it deems just and proper

Date:   March 5, 2025

                        Respectfully submitted,

                        **NEILL SCHWERIN BOXERMAN, P.C.**

                        By:  */s/ Sanford J. Boxerman*
                        Sanford J. Boxerman #34736MO
                        Michelle Feit Schwerin #62882MO
                        120 S. Central Avenue, Ste 725
                        St. Louis, MO 63105
                        Telephone: (314) 949-1864
                        Facsimile: (314 949-1864
                        boxerman@nsbpc.com
                        schwerin@nsbpc.com

                        **MBA LAW**
                        By:  */s/ Mayte Bayolo-Alonso*
                        Mayte Bayolo-Alonso USDC No. 308109
                        PO Box 11204
                        San Juan, PR 00910
                        Telephone: (787)448-5544
                        maytebayololaw@gmail.com