IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Case No. 25-mc-00013 (MAJ-GLS) |
| | ) |
| YAIRANISSE RIVERA-LOPEZ, | ) |
| | ) |
| Respondent. | ) |

**SECOND MOTION TO DISMISS FOR**
**FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Respondent, Yairanisse Rivera-Lopez, respectfully moves that this Court dismiss the Petition filed in the above-captioned matter for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this Motion, Respondent states as follows:

1.  On January 23, 2025, Petitioner filed a Petition, alleging that Respondent asserted a "blanket" Fifth Amendment objection and failed to answer "all questions" presented during a summons interview. (Doc. 3).

2.  On February 18, 2025, Respondent responded, filing a Provisional Response (Doc. 7) and Motion to Dismiss (Doc 9).

3.  Also on February 18, 2025, Respondent filed a Motion for Leave to File Amended or Supplemental Pleadings (Doc. 8) (the "Motion for Leave").

4.  On February 28, 2025, this Court granted Respondent Motion for Leave, and granted Respondent until March 5, 2025, to file amended or supplemental pleadings (Doc. 15). At the same time, the Court entered an order "finding as moot [Doc.] 9 Motion to Dismiss for

Failure to State a Claim" and directing attention to "Docket No. 15," the Order granting leave for Respondent to file amended or supplemental pleadings. (Doc. 16).

5. Respondent subsequently filed, on March 4, 2025, an Affidavit of Revenue Agent Lane (Doc. 20), with an Exhibit No. 3 "IRS Memorandum of Interview" to support Petitioner's allegations.

6. This Court should dismiss the Petition herein because:

   A. Respondent has already performed the actions which the Petition asks this Court to order Respondent to perform. Specifically, the Petition's prayer for relief requests "[t]hat the Court enter an order . . . ordering the [Respondent's] attendance and the responses to the questions called for by the terms of the summons . . ." (Doc. 3, p. 4). Respondent did, in fact, attend the summons interview. (Doc. 3, ¶ 7; Amended Response filed concurrently, ¶ 7) and did, in fact, respond to each and every question. (Amended Response filed concurrently, ¶ 7 and ¶ 8). Accordingly, Respondent has already engaged in the activities that Petitioner asks the Court to order Respondent to do.

   B. The Petition lacks a list of specific questions to which Petitioner seeks a Court order directing Respondent to answer. In this case, Respondent considered each question presented and invoked her Fifth Amendment rights on a question-by-question basis. *See* Amended Response to Petition, ¶¶ 7 and 8. Petitioner did, on March 4, 2025, file a Supplemental Declaration of the revenue agent (Doc. 20), accompanied by an "IRS Memorandum of Interview" which listed a number of questions. However, nothing contained within the Petition itself – including the Petition's prayer for relief – identifies

the questions that Petitioner is asking the Court to order Respondent to answer, thereby leaving Respondent and the Court to speculate as to the questions as to which Petitioner seeks relief herein. Without specifying the questions at issue in this litigation, Petitioner has failed to provide the Court with the information required for the Court to engage in the analysis necessary to make a determination, including as to whether Respondent has satisfied her obligations under the Summons; whether Respondent properly asserted her Fifth Amendment rights; whether Respondent's Fifth Amendment assertions are well-taken; and whether to grant Petitioner's request. *See, e.g., United States v. Allee,* 888 F.2d 208, 214 (1st Cir. 1989) (Court "must evaluate the validity of such objection on the same [question-by-question] particularized basis").

WHEREFORE, Respondent respectfully requests that this Court dismiss the Petition for failure to state a claim upon which relief can be granted, award to Respondent a judgment pursuant to 26 U.S.C. § 7430 for her litigation costs incurred herein; and grant such other relief as is it deems just and proper.

ALTERNATIVELY, Respondent respectfully requests that the Court (1) order Petitioner to present a list of questions as to which Petitioner believes the Court should order Respondent to answer, and (2) provide Respondent with a reasonable amount of time (Respondent respectfully suggests ten (10) days) thereafter within which to explain to the Court, under seal and ex parte, specifically as to each such question, why her invocation of the Fifth Amendment was and is proper. *See, e.g., United States v. LaMotte*, 2016 WL 2731623 (D. Mass, April 19, 2016) (in summons enforcement action Court allowed respondent to file a sur-reply explaining on a

question-by-question basis her justification for invoking the Fifth Amendment), *adopted by the District Court,* 2016 WL 2733103 (August 2, 2016).

Date:   March 5, 2025

                                          Respectfully submitted,

**NEILL SCHWERIN BOXERMAN, P.C.**

By:   */s/ Sanford J. Boxerman*
Sanford J. Boxerman #34736MO
Michelle Feit Schwerin #62882MO
120 S. Central Avenue, Ste 725
St. Louis, MO 63105
Telephone: (314) 949-1864
Facsimile: (314 949-1864
boxerman@nsbpc.com
schwerin@nsbpc.com

**MBA LAW**
By:   */s/ Mayte Bayolo-Alonso*
Mayte Bayolo-Alonso USDC No. 308109
PO Box 11204
San Juan, PR 00910
Telephone: (787)448-5544
maytebayololaw@gmail.com

4