IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| United States of America, | ) |
| | ) Case No. 25-mc-00013-MAJ-GLS |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| Yairanisse Rivera-Lopez, | ) |
| | ) |
| Respondent. | ) |

**United States' Response to Respondent's Second Motion to Dismiss**

Respondent moves under Fed. R. Civ. P. 12(b)(6) to dismiss the United States' Petition to Enforce Internal Revenue Service Summons, asserting that the Petition is infirm because the United States did not set forth "the questions that Petitioner is asking the Court to order Respondent to answer, thereby leaving Respondent and the Court to speculate as to the questions as to which Petitioner seeks relief herein."[1]

Respondent made a similar argument in her first motion to dismiss.[2] The Court dismissed that motion as moot before the United States was required to respond.[3] The United States has now filed a supplemental declaration of the IRS agent and an IRS Memorandum of Interview containing the 60 questions asked of

---

[1] Dkt. 25 at 3.
[2] Dkt. 9.
[3] Dkt. 16.

Respondent that she refused to answer by asserting her Fifth Amendment right against self-incrimination and a non-disclosure agreement.[4]

Respondent's motion should be denied because the petition contains factual allegations sufficient to raise a right to relief above the speculative level, namely, that Respondent appeared before the IRS, refused to answer 60 questions, and should thus be ordered to show cause to establish the validity of her assertions of privilege. What is more, the United States has now supplemented the record with the IRS's memorandum that identifies the specific IRS questions in response to which Respondent asserted privilege. Now that the IRS Memorandum of Interview is part of the record, Respondent's assertion that she does not know "the questions that Petitioner is asking the Court to order Respondent to answer," and that the Respondent and Court are left to "speculate as to the questions as to which Petitioner seeks relief herein,"[5] are plainly without merit.

## Legal Argument

To survive a motion to dismiss for failure to state a claim, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level."[6] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of

---

[4] Dkt. 20 (supplemental declaration) and Dkt. 20-1 (Ex. 3, IRS Memorandum of Interview).
[5] *Id.*
[6] *Morales-Tañon v. Puerto Rico Elec. Power Auth.*, 524 F.3d 15, 18 (1st Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007)).

his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[7]

"[S]ummons enforcement proceedings should be summary in nature."[8] In order to set forth a prima facie case for summons enforcement under 26 U.S.C. § 7603(b), the "IRS must show that: 1) the investigation will be conducted for a legitimate purpose; 2) the inquiry will be relevant to such purpose; 3) the information sought is not already within the Commissioner's possession; and 4) the administrative steps required by the Internal Revenue Code ("IRC") have been followed (together, the "*Powell* factors").[9] Courts have routinely found that an affidavit by the investigating revenue agent, asserting that the *Powell* factors have been satisfied, is sufficient to establish a prima facie case.[10]

Here, the petition and accompanying declarations state that the IRS is investigating a suspected promotor of abusive tax shelters to determine whether there have been violations of 26 U.S.C. § 6700; Respondent is a former employee of the suspected promotor and is in possession and control of relevant testimony; the information is not already in the possession of the IRS; and all required administrative steps have been taken by the IRS.[11] Moreover, the United States

---

[7] *Id.* at 1964–65 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original) (citations omitted).
[8] *United States v. Stuart*, 489 U.S. 353, 369 (1989).
[9] *United States v. Powell*, 379 U.S. 48, 57-58 (1964).
[10] *See, e.g., United States v. Risk*, 2007 WL 9700964, at *2 (S.D. Fla. Sept. 25, 2007); *Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999).
[11] Dkt. 3 at ¶¶ 2-5, 8, 12-14; Dkt. 20-1 at 1-2.

pleaded that Respondent appeared before the IRS but declined to answer certain questions, asserting her Fifth Amendment privilege.[12] The petition further states that due to Respondent's refusal to answer certain questions, the Court should issue a show-cause order and require Respondent's appearance.[13] These allegations satisfy Rule 8(a)'s low bar requiring a "short and plain statement of the claim showing that the pleader is entitled to relief" and state a prima facie case for summons enforcement.

Respondent contends that she does not know "the questions that Petitioner is asking the Court to order Respondent to answer,"[14] and that the Respondent and Court are left to "speculate as to the questions as to which Petitioner seeks relief herein."[15] Initially, such detail is not required to satisfy Rule 8 or establish a prima facie case for summons enforcement under *Powell*. The petition adequately set forth the facts and the United States' grounds for relief, raising this case well above the "speculative level."[16]

Regardless, the petition makes clear that the United States seeks an order compelling Respondent to answer all of the questions posed to her during the interview.[17] It is her burden to establish the existence and applicability of each

---

[12] Dkt. 3 at ¶ 7; Dkt. 20-1 at 2.
[13] Dkt. 3 at 5-6.
[14] Dkt. 25 at 3.
[15] *Id.*
[16] *Morales-Tañon*, 524 F.3d at 18.
[17] Dkt. 3 at 4-5.

privilege she asserts.[18] That is, Respondent must show that her responses to questions like "What were your job duties at TLS," "Why did you stop employment at TLS," and "How many hours a week did you perform services for TLS,"[19] to name a few, are protected by the Fifth Amendment's privilege against self-incrimination. Because her refusal to comply with the summons is not justified by the privilege she purports to assert, Respondent should be ordered to attend a further summons interview and answer each and every question posed. In the meantime, Respondent's motion to dismiss this enforcement proceeding should be denied.

## Conclusion

For the reasons set forth above, Respondent's second motion to dismiss should be denied.

Dated: March 14, 2025

/s/ Michael R. Pahl
MICHAEL R. PAHL
PR No. G04214
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
P: (202) 598-5863
michael.r.pahl@usdoj.gov

Attorney for the United States

---

[18] *Id.* ¶ 8-11.
[19] Dkt. 20-1 at 2-6.

## Certificate of Service

I hereby certify that on March 14, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to defense counsel.

s/Michael R. Pahl
Michael R. Pahl
Attorney for the United States
