IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Case No. 25-mc-00013-MAJ-GLS |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Yairanisse Rivera-Lopez, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**United States' Response to Court Request
Regarding TLS Management & Marketing Services, LLC's Filing**

**Question Presented:**

Does the filing by TLS Management & Marketing Services, LLC ("TLS"),
ECF No. 29, moot the United States' motion to compel as to any questions posed
to Respondent Yairanisse Rivera-Lopez by the IRS?

**Answer:**

No. Respondent is not an attorney and therefore is not entitled to refuse to
answer questions posed to her on the basis of the attorney-client privilege. In
addition, Respondent did not assert the attorney-client privilege as the basis to
refuse answering any of the questions that are the subject of this motion to compel.

**Discussion**

At the status conference, the Court asked government counsel to provide a
written response to address whether the filing by TLS mooted the Government's

motion to compel as to any questions posed to Respondent by the IRS.

Respondent, a former employee of TLS, refused to answer 60 questions asked of her by the IRS, asserting her Fifth Amendment right against self-incrimination and a non-disclosure agreement.[1] During the interview, Respondent stated that she was employed as a client support specialist for TLS and she did not assert the attorney-client privilege as the basis for her refusal to answer any question.[2]

TLS, through Respondent, filed a declaration and letter in this case.[3] Those submissions purport to serve as notice that TLS "does not waive [the attorney-client] privilege or any other applicable privilege or immunity with respect to [Respondent's] summonsed testimony." The submissions do not contain any information to suggest that Respondent is an attorney, that she engaged in attorney-client privileged communications with TLS, or that those communications were sought by the IRS in its summons interview. Accordingly, TLS's submission does not moot the Government's motion to compel answer to any of the questions posed to Respondent by the IRS.

---

[1] Dkt. 20 (supplemental declaration) and Dkt. 20-1 (Ex. 3, IRS Memorandum of Interview).
[2] *Id.*
[3] Dkt. 29 and Dkt. 29-1.

Respectfully Submitted,

Dated: April 21, 2025

/s/ Michael R. Pahl
MICHAEL R. PAHL
PR No. G04214
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
P: (202) 598-5863
michael.r.pahl@usdoj.gov

Attorney for the United States

## Certificate of Service

I hereby certify that on April 21, 2025, I electronically transmitted the

attached document to the Clerk of Court using the ECF System for filing.  Based

on the records currently on file, the Clerk of Court will transmit a Notice of

Electronic Filing to defense counsel.

s/Michael R. Pahl
Michael R. Pahl
Attorney for the United States